1 | Howard Toole, Esq.
2 | 211 N. Higgins Ave. #350
   | Missoula, MT 59802
3 | (406) 728-4682
4 | Attorney for Plaintiff

FILED NOV 07 2007

SHIRLEY E. FAUST, CLERK

9

MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY

- - - - - - - - - - - - - - - - - - - -

JOLENE ELKINS, )
                      Plaintiff,      )   Cause No: DV-07-1529
                                      )   Dept No. 1
vs.                                   )
                                      )   **COMPLAINT**
SAFEWAY, INC.,                        )
                                      )
                      Defendant.      )

- - - - - - - - - - - - - - - - - - - -

COMES NOW the Plaintiff and for her Complaint alleges as follows:

I.

Plaintiff is a resident of Missoula County, Montana and has resided in the Missoula area at all times pertinent to this action. Defendant Safeway, Inc. is a nationwide grocery retail business that has a district which operates twelve stores in the state of Montana. Defendant Safeway is a corporation that is authorized to do business in the state of Montana.

II.

In June, 2005, Plaintiff transferred from a job with the Safeway chain in the state of Alaska to take a position with Safeway in the district of Montana. Plaintiff had been an employee relations manager for Safeway in the state of Alaska, and her transfer from Alaska to Montana was for the purpose of assisting Safeway and its employees in all phases of personnel management. In addition to employee relations, Plaintiff was expected to serve as a hiring coordinator for the stores located in the Montana district. Plaintiff's duties required her

COMPLAINT                                                      Page 1

1  to be involved in the operations of all of the Montana stores, located in various cities in the

2  western part of the state.

3                                                III.

4              Plaintiff had been a key employee in Alaska, working on delicate and

5  challenging personnel and employee relations matters at all levels in the Alaska district.

6  Plaintiff worked for seven years for the Defendant in Alaska and was promoted from an entry

7  level position to upper management.  Upon the transfer to Montana, Plaintiff coordinated her

8  work with the manager of the Montana district, Dan Cruson, but was for organizational

9  purposes under the supervision of the regional human resources manager and that manager's

10 superior, the director of Human Resources for the Defendant's Seattle division.

11                                               VI.

12             The Montana district manager, Dan Cruson, failed and refused to accept the

13 quasi-independence of the Plaintiff from his direction.  Although Plaintiff reported to the

14 human resources department of the Defendant's Bellevue office, Montana district manager

15 Cruson immediately began to create tension by refusing to acknowledge the relationship

16 between Plaintiff and her Bellevue human resources department supervisors, demanding that

17 Plaintiff work under Cruson's direction, carry out her responsibilities in accordance with his

18 demands and oversight, and essentially conduct all employee relations as an activity under

19 Cruson's control and management.

20                                               VII.

21             Defendant failed to support the Plaintiff when she continued to follow the job

22 description and the structure of her work as it had been laid out to her.  Specifically, Montana

23 district manager Cruson gradually undermined Plaintiff by means of communications which

24 questioned Plaintiff's integrity, accusations of inadequate performance, and suggestions made

25 on a daily basis to employees that Plaintiff was not to be trusted.

26                                              VIII.

27             District manager Cruson enlisted other staff from the Montana district to

28 question the work of the Plaintiff.  The person so assigned, Cruson's district secretary, was

COMPLAINT                                                              Page 2

1  routinely charged with interrogating employees about the actions and alleged inactions of the
2  Plaintiff in the performance of her job, and Plaintiff was regularly confronted with false
3  reports and accusations relayed to her by district manager Cruson and his district secretary.
4  These actions of Cruson and his secretary undermined Plaintiff's ability to do her job and
5  created a wall of separation between herself and the employees for whom she was an employee
6  relations manager.

7                                                IV.

8          In May, 2006, the Defendant also hired a new regional human resource
9  manager, who was responsible for human resource activities in both union and non-union
10 positions in Montana.  This person became the direct supervisor of the Plaintiff, and as direct
11 supervisor within the human resources division, this person's supervisors were located in
12 Bellevue, Washington.  This person was unable, however, to prevent the continued
13 undermining of Plaintiff's work and her employee relationships by Montana district manager
14 Cruson, who used bullying and intimidation tactics with both the Plaintiff and her immediate
15 human resource supervisor from the May, 2006 appointment of the regional human resource
16 manager until the time that Plaintiff's employment ended in 2007.

17                                               IX.

18         In undermining Plaintiff's relationship with the workers employed in the
19 Montana district, Defendant and its senior management officials made it impossible for the
20 Plaintiff to properly do her job.  Plaintiff was questioned by store managers who reported
21 directly to the Montana district manager, some of whom were enlisted to report back negative
22 observations about the Plaintiff to the district manager, who, without notice to the Plaintiff,
23 built up a file of negative comments about the Plaintiff that led to her being unable to
24 effectively continue her work.

25                                                X.

26         Within a few months after Plaintiff took her position in the Montana district, the
27 Defendant's Montana district manager and his immediate staff established a hostile, distrustful
28 and confrontational communications relationship with the Plaintiff, requiring Plaintiff to

**COMPLAINT**                                                                                  Page 3

1  continuallyi justify her actions and criticizing Plaintiff's travel schedules, efforts to meet with

2  employees, shift scheduling, and other actions that Plaintiff undertook to do and had done

3  successfully for several years in her employment for the Defendant in a different district.

XI.

5  Despite increasing aggression from Montana district manager Dan Cruson,

6  Plaintiff continued to do her job until February, 2007.  In that month, she received a telephone

7  call from a human resource director in the regional office in Bellevue, Washington.  This

8  individual advised Plaintiff that she was being placed on an "action plan", a step which

9  Plaintiff knew would more likely than not lead to demotion or termination of her employment

10 by the Defendant altogether.  Plaintiff was familiar with "action plans" and knew that the

11 company considered them, in most cases, to be a last step prior to demotion and/or termination

12 of employment, with very little possibility of retaining position once the plan was imposed.

XII.

14 Plaintiff had not been given warnings of any such impending action by the

15 Defendant.  Her Montana district manager, Dan Cruson, did not advise Plaintiff that she was

16 at risk of being placed on an "action plan".  Prior to receiving notice of the pending "action

17 plan", neither the Defendant nor any of its staff gave Plaintiff written notice of any steps

18 Defendant had taken that put Plaintiff in direct jeopardy of losing her job

XIII.

20 After notification of the impending Action Plan, Plaintiff knew that the odds

21 were strongly against her maintaining her existing position, and Plaintiff resigned rather than

22 being placed on an "action plan".  Plaintiff was no longer able to perform her position, the

23 actions of the Defendant made it intolerable for the Plaintiff to continue in her employment,

24 the only prospect of retaining employment whatsoever with the Defendant would have required

25 included a demotion that would have cut her compensation by more than half, and no

26 reasonable person could have tolerated attempting to work under the conditions that the

27 Defendant was imposing upon the Plaintiff.  Plaintiff was constructively discharged by the

28 Defendant at the time Plaintiff was told of the "action plan".

**COMPLAINT**

XIV.

The Plaintiff's work for the Defendant was of the highest quality and the Plaintiff was a valuable and competent employee relations manager for her employer in both Alaska and Montana.  Plaintiff was a key employee and there was no legitimate business reason to constructively terminate her in the manner in which it was done, or in any other manner.  Plaintiff is entitled to damages under the Montana Wrongful Discharge from Employment Act, Sections 39-2-901, et seq, MCA.

WHEREFORE, Plaintiff prays:

1.    For compensation consisting of lost earnings for a period of four years from and after the date of termination, less any sums which Plaintiff can reasonably be expected to earn from other employment;

2.    For attorney's fees and costs to the extent allowable in this cause;

3.    For such other and further relief as the Court and jury deem just and proper under the circumstances of this case.

//

//

DATED this __7__ day of ~~2~~ November, 2007.

_Jolene Ch. Elkins_
Jolene Elkins

HOWARD TOOLE LAW OFFICES
211 N. Higgins, #350
Missoula, MT 59802-4537

By: _Howard Toole_
Howard Toole

COMPLAINT                                                                    Page 5

1

2                                **VERIFICATION**

3          I, Jolene Elkins, affirm that the foregoing statements are true.

4

5

6                                            Jolene Elkins

7

8          SUBSCRIBED AND SWORN to before me this 7th day of

9     November, 2007.

10

11                                          Notary Public for the State of Montana
                                            Residing at Missoula, Montana
12     (seal)                               My Commission Expires 12/1/2009

13

14

15     //

16     //

17     //

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**                                                            **Page 6**

1

## DEMAND FOR JURY TRIAL

2    COMES NOW the Plaintiff and demands a trial by jury on all issues in this

3  case.

4

5    DATED this 7th day of November, 2007.

6

7

8

9    By: _____
           Howard Toole
10          Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**                                                              **Page 7**